**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MARGRET FRANCOEUR on behalf of herself and all others similarly situated,**

**Plaintiff,**

**v.** **CIV 11-387 JCH/WPL**

**U.S. BANK HOME MORTGAGE; CHARTER BANK; BEAL FINANCIAL CORPORATION; LITTLE & DRANTTEL, P.C.,**

**Defendants.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court on two motions: Defendant Little & Dranttel, P.C.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 8] and Defendant U.S. Bank National Association's Motion to Dismiss Plaintiff's Complaint, and Alternative Motion to Abstain [Doc. 31]. Having reviewed the parties' submissions and the relevant law, the Court finds that Defendant Little & Dranttel, P.C.'s Motion is well-taken in part, and I will therefore grant Little & Dranttel's Motion in part and dismiss Plaintiff's claims against Defendant Little & Dranttel, P.C. The Court finds that Defendant U.S. Bank National Association's Motion is also well-taken in part, and will therefore grant U.S. Bank's Motion in part and dismiss Plaintiff's claims against Defendant U.S. Bank National Association (incorrectly named as "U.S. Bank Home Mortgage").

## I. BACKGROUND

The present case arises out of the foreclosure upon Plaintiff's former home at 5325 N. Ja Rob Lane in Hobbs, New Mexico. Defendant U.S. Bank National Association ("U.S. Bank")

succeeded Charter Bank as the servicer of Plaintiff's mortgage loan in January 2010. *See* Doc. 31 at 2n.1. Defendant Little & Dranttel, P.C. is the law firm that began representing Defendant U.S. Bank on March 25, 2010, after default judgment was entered against Plaintiff in the underlying foreclosure action. *See* Doc. 36 at 2. Plaintiff contends that Both U.S. Bank and Little & Dranttel violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f, by "improperly demanding and collecting excessive attorneys fees, late fees after acceleration and other purported costs and expenses." Doc. 1 at 14. As against U.S. Bank only, Plaintiff additionally seeks damages for fraud and unjust enrichment. *See id.* at 15-17.

U.S. Bank and Little & Dranttel, P.C. seek dismissal of Plaintiff's claims against them because they contend Plaintiff has not pled facts that render her claims plausible. *See* Doc. 8 at 3; Doc. 31 at 10-11. In addition to failing to state a cognizable claim, Little & Dranttel argues that Plaintiff's claims are barred by *res judicata* and/or the *Rooker-Feldman* doctrine given the state-court foreclosure action. *See* Doc. 8 at 4-5. U.S. Bank also seeks dismissal of Plaintiff's claims pursuant to *res judicata*, *see* Doc. 31 at 7-9, and alternatively argues, in the event that their motion to dismiss is denied, that the Court should abstain pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and/or *Younger v. Harris*, 401 U.S. 37, 54 (1971), *see id.* at 15-18.

## II. LEGAL STANDARD

### A. FED. R. CIV. P. 12(b)(2) and the *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine "arises by negative inference from 28 U.S.C. § 1257(a), which allows parties to state court judgments to seek direct review in the Supreme Court of the United States, but not to appeal to the lower federal courts." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006). *Rooker-Feldman* precludes "cases brought by state-court

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the *Rooker-Feldman* Doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of [a] state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

Because *Rooker-Feldman* challenges subject-matter jurisdiction, the Court will construe Defendant Little & Dranttel's Motion as one brought pursuant to Fed. R. Civ. P. 12(b)(2). Likewise, the Court will address this argument first, for if Defendant Little & Dranttel is correct and *Rooker-Feldman* applies, then the Court lacks subject-matter jurisdiction to consider the merits of Plaintiff's claims against it. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). In the former situation, the Court presumes the allegations of the complaint to be true. *See id.* In the latter, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdiction facts under Rule 12(b)(1)." *Alto Eldorado Partners v. City of Santa Fe*, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M. March 11, 2009) (Browning, J.) (citations omitted). Where the jurisdictional question is intertwined with the merits of the case,

the court should resolve the motion under either FED. R. CIV. P. 12(b)(6) or FED. R. CIV. P. 56. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999). "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002)).

**B. FED. R. CIV. P. 12(b)(6)**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Moreover, although the Court must assume the truth of the properly alleged, or "well-pleaded," facts in the Complaint, the Court has no obligation to accept conclusory allegations as true. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

"It is well-established [] that in determining whether to grant a motion to dismiss, the district court [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Notwithstanding this rule, "the district court may consider documents referred to in the

complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002)). Under these circumstances, the motion to dismiss is not treated as a summary judgment motion. *See Jacobsen* at 942. *Compare* FED. R. CIV. P. 12(d) (containing the general rule that where matters outside the pleadings are considered, a Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56").

## III. ANALYSIS

### A. The Court Has Subject-Matter Jurisdiction to Consider Plaintiff's Claims Against Defendant Little & Dranttel.

Factually, Plaintiff contends she first learned that her house had been sold at auction on April 20, 2010 in a letter from Defendant Little & Dranttel dated May 14, 2010. *See* Doc. 1 at 9, ¶ 40. Despite the fact that she spoke "regularly" to attorneys at Little & Dranttel throughout March and April 2010, no one advised her that her house was going to be sold before May 14, 2010. *See id.* at 9, ¶ 42. Plaintiff reports that no one, presumably including the attorneys at Little & Dranttel, advised her that her loan modification request had been rejected. *See id.* at 9, ¶ 43. In fact, it is Plaintiff's contention that Little & Dranttel "repeatedly led Plaintiff to believe that a modification of her loan would be concluded, that her mortgage relationship with [Defendant] Charter [Bank] would continue, and that she would not be evicted from her home." *See id.* at 10, ¶ 43(2). In addition, Plaintiff claims that Defendant Little & Dranttel collected attorney's fees "far in excess of the legal fees allowed to be charged." *See id.* at 13, ¶ 57.

Plaintiff's legal claims against Defendant Little & Dranttel, however, appear to be limited to "improperly demanding and collecting excessive attorneys fees, late fees after

acceleration and other purported costs and expenses." Doc. 1 at 14, ¶¶ 61-64. *See generally* Doc. 26 (offering no dispute regarding the limited nature of claims against Little & Dranttel). Little & Dranttel argues that this allegation "could have been brought before the [state] District Court in the foreclosure suit." Doc. 8 at 3. Plaintiff does not dispute this, but argues that *Rooker-Feldman* is inapplicable for another reason—the fact that the state-court foreclosure proceedings are on appeal and therefore, in Plaintiff's opinion, not yet final. *See* Doc. 26 at 9 (citing *Guttman v. GTS Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006)). Defendant Little & Dranttel does not reply to Plaintiff's argument in reliance upon *Guttman*. *See* Doc. 36.

The Tenth Circuit recognized in *Guttman* that the *Rooker-Feldman* Doctrine was limited in its applicability to state court judgments that are final. *See* 446 F.3d at 1032. In so holding, the Tenth Circuit acknowledged its previous contrary position that *Rooker-Feldman* "extends to all state-court decisions—final or otherwise," *see Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002), but noted that this holding in *Kenmen* had been overruled by the United States Supreme Court. *See Guttman*, 446 F.3d at 1031 ("*Exxon Mobil* reverses this holding from our decision in *Kenmen*."). The Supreme Court in *Exxon Mobil* "reduced the scope of the *Rooker-Feldman* doctrine to the narrow set of cases out of which it was born." *Id.* at 1031-1032. Because 28 U.S.C. § 1257(a) does not permit appeal to the Supreme Court except from final state court judgments, the inference that jurisdiction does not exist in lower federal courts is equally limited.

The parties do not dispute that Plaintiff's foreclosure action continues on appeal before the courts of New Mexico. Therefore, based upon the Tenth Circuit's opinion in *Guttman v. GTS Khalsa* as well as the United States Supreme Court in *Exxon Mobil*, I find the *Rooker-Feldman* Doctrine does not apply. This court has subject-matter jurisdiction over Plaintiff's

claims against Defendant Little & Dranttel.

**B. Plaintiff Has Not Pled A Plausible FDCPA Claim.**

Plaintiff alleges violations of Sections 1692e and 1692f against Defendants Little & Dranttel and U.S. Bank. *See* Doc. 1 at 14, ¶ 14. Subsection 1692e of the Fair Debt Collection Practices Act prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provides several examples of specific conduct that would constitute statutory violations. *See* 15 U.S.C. § 1692e. Included among the 16 or so statutory examples of conduct that violates § 1692e are: (1) "the false representation of the character, among or legal status of any debt or any services rendered or compensation which may be lawfully received by any debt collector"; and (2) "the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. § 1692e(2) & (10). Plaintiff did not identify any of these subsections in her Complaint. *See* Doc. 1 at 14-15.

Subsection 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and provides several examples of specific conduct constituting violations of this subsection. *See* 15 U.S.C. § 1692f. Included among the eight or so examples of violations of § 1692f is: "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at § 1692f(1). Again, Plaintiff did not identify any of these subsections in her Complaint. *See* Doc. 1 at 14-15.

Plaintiff's Complaint does not quote any specific representations by Little & Dranttel or U.S. Bank, nor does it contain figures or otherwise allege facts from which the Court can evaluate the plausibility of Plaintiff's claims pursuant to §§ 1692e and 1692f. Rather, Plaintiff

pleads only that Little & Dranttel and U.S. Bank "improperly demand[ed] and collect[ed] excessive attorneys fees, late fees after acceleration and other purported costs and expenses" and "demanded and collected numerous other purported costs and expenses which violated the contract between the parties, were illegal under ... the FDCPA and/or under relevant state law, and/or violated governing industry guidelines." *Id.* at 14, ¶¶ 59 and 63.

A complaint containing solely "'naked assertion[s]' devoid of 'further factual enhancement,'" is not sufficient to state a legally cognizable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Twombly*, 550 U.S. at 557). Plaintiff must "plead[] factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is not required to accept legal conclusions as true; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Because there are no allegations against Defendant Little & Dranttel or Defendant U.S. Bank apart from conclusory statements, the Court cannot find that Plaintiff has set forth a plausible claim for relief. The Court will therefore grant both Motions and dismiss Plaintiff's FDCPA claims against both Little & Dranttel and U.S. Bank.

**C. Plaintiff Has Not Sufficiently Pled Fraud Against Defendant U.S. Bank.**

New Mexico law provides that "[a]n actionable fraud is a misrepresentation of fact, known to be untrue by the maker, and made with an intent to deceive and to induce the other party to act upon it with the other party relying upon it to his injury or detriment." *Wilde v. Westland Dev. Co., Inc.*, 241 P.3d 628, 640 (N.M. Ct. App. 2010). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b) (stating further that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally"). Where a party fails to plead fraud with particularity, dismissal

is appropriate. *See, e.g.*, *Saylor v. Valles*, 63 P.3d 1152, 1159 (N.M. Ct. App. 2002).

In support of her fraud claim against Defendant U.S. Bank, Plaintiff asserts that U.S. Bank "falsely represented to plaintiff that a loan modification was imminent," yet she identifies no particular communications from U.S. Bank to this effect. *See* Doc. 1 at 16. Although Plaintiff describes a January 20, 2010 letter from Charter Bank advising "that U.S. Bank would be the new servicer on her loan and that all payments in the future should be mailed to them," *see id.* at 7, ¶ 33, she does not contend that these representations are false. Similarly, Plaintiff notes letters dated February 18, 2010 and March 3, 2010 advising her "that she might be eligible for the Home Affordable Modification Program," *see id.*, but there are no allegations that these statements are false. In addition, Plaintiff notes an April 13, 2010 letter from U.S. Bank regarding a projected shortage in her escrow account, asserting that the shortage would be automatically"prorated for a period of 12 months and added to your monthly mortgage payment." *Id.* at 7-8, ¶ 33.

There is no contention, however, that the representations regarding Plaintiff's escrow account were false, let alone fraudulent. Although Plaintiff claims that she received "repeated assurances from Charter, US Bank and their agents that the application was being processed and a loan modification was imminent," *see id.* at 8-9, ¶ 38, the Complaint contains no specifics about the alleged assurances from U.S. Bank. Plaintiff does not allege the date of these alleged communications, but, as Defendant U.S. Bank points out, default judgment was entered against Plaintiff on September 30, 2009 and U.S. Bank did not assume service of the loan until January 2010. *See* Doc. 31 at 4. Thus, even if Plaintiff had received assurances regarding her HAMP application after default judgment was entered against her, Plaintiff must allege some fact tending to show that it was reasonable for her to rely on such assurances in order to render her

fraud claim plausible. On the whole, Plaintiff does not allege facts tending to show a plausible basis for her claim of fraud against U.S. Bank, and the Court will therefore dismiss Count V as against Defendant U.S. Bank.

**D. Plaintiff Has Not Sufficiently Pled Unjust Enrichment**

The elements of unjust enrichment under New Mexico law are: "(1) another has been knowingly beneffited at one's expense; (2) in a manner such that allowance of the other to retain the benefit would be unjust." *City of Rio Rancho v. Amrep Southwest Inc.*, 260 P.3d 414, 428-29 (N.M. 2011).

In support of her unjust enrichment claim, Plaintiff claims that "[i]t would be inequitable for Charter Bank, U.S. Bank Home Mortgage, Beal Financial or Little & Dranttel to retain from the borrowers payment for attorneys' fees and costs which the defendants had no right to charge or collect, and defendants have been unjustly enriched by doing so." Doc. 1 at 17, ¶ 78. Plaintiff's factual allegations pertaining to this claim include Paragraph 57, in which Plaintiff contends that "the amount of attorneys fees demanded and collected ... was far in excess of the legal fees allowed to be charged by defendants according to governing industry guidelines, including those published by Freddie Mac, which was the guarantor of plaintiff's loan with defendants." Doc. 1 at 13. Plaintiff also claims that Defendants "demanded and collected numerous other purported costs and expenses which violated the contract between the parties, were illegal under § 16922 and 1692f of the FDCPA and/or under relevant state law, and/or violated governing industry standards, including those promulgated by Freddie Mac and Fannie Mae." *Id.* at 14, ¶ 59.

As explained in reference to Plaintiff's FDCPA claims, her conclusory allegations are not sufficient to overcome a motion to dismiss after *Twombly* and *Iqbal*. *See* Part B, *infra*. *See also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (holding that "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient to state a legally cognizable claim (quoting *Twombly*, 550 U.S. at 557)). The Court therefore finds that Plaintiff has failed to adequately plead her unjust enrichment claims[1], and such claims should accordingly be dismissed.

**E. The Question Whether Claim Preclusion Applies is Best Resolved in the Context of Summary Judgment.**

Both Little & Dranttel and U.S. Bank argue that Plaintiff's claims should also be dismissed because they are barred by *res judicata*. *See* Doc. 8 at 4; Doc. 31 at 7-9. "Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action." *Bank of Santa Fe v. Marcy Plaza Assocs.*, 40 P.3d 442, 445 (Ct. App. 2001). It also precludes a subsequent action involving claims that could have been raised in the prior action. *See id.* Its purpose is to "ensure[] finality, advance[] judicial economy, and avoid[] piecemeal litigation." *Id.* Little & Dranttel, as the party seeking to bar Plaintiff's claims, has the burden of proving the elements of claim preclusion, which are: "(1) identity of parties or privies; (2) identity of capacity or character of persons for or against whom the claim is made; (3) the same cause of action; and (4) the same subject matter." *Roybal v. Lujan de la Fuente*, 218 P.3d 879, 884 (Ct. App. 2009).

Because "Plaintiff was afforded the opportunity to raise any issues regarding the amount and propriety of the attorney's fees and costs assessed in the underlying foreclosure action, but

[1]Although Plaintiff states that this claim is intended to be brought "as against Charter Bank, US Bank Home Mortgage and Beal Financial," *see Doc. 1* at 16, she also mentions Defendant Little & Dranttel in the body of the unjust enrichment claim, *see id.* at 17, ¶ 78. Because Defendant U.S. Bank's arguments for dismissal of this claim apply equally to Defendant Little & Dranttel, the Court will dismiss Plaintiff's unjust enrichment claim, if any, against Little & Dranttel as well as U.S. Bank.

failed to do so," Little & Dranttel argues that Plaintiff is precluded from raising those claims again here in federal court. *See* Doc. 8 at 4. In support of this claim, Little & Dranttel asserts several alleged facts: (1) final judgment in the state-court foreclosure action was entered in 2009; (2) Plaintiff's property was sold, with an Order Approving Sale entered May 6, 2010; and (3) Plaintiff filed her notice of appeal to the New Mexico Court of Appeals on July 13, 2010. *See* Doc. 8 at 4-5. Little & Dranttel also attaches 15 pages of exhibits to its Reply (Doc. 36), purporting to be the Note and Mortgage on Plaintiff's property at issue in the underlying foreclosure action. *See* Docs. 36-1 and 36-2. Defendant U.S. Bank makes essentially the same argument but attaches multiple documents as exhibits to its Motion, including the Default Judgment from the foreclosure action and Plaintiff's Brief-in-Chief on appeal to the New Mexico Court of Appeals. *See* Doc. 31-1 through Doc. 31-12.

Generally, the Court may not consider documents outside of the complaint in determining whether to grant a motion to dismiss. *See, e.g.*, *Jojola*, 55 F.3d at 494. Most if not all of U.S. Bank's exhibits are referenced in Plaintiff's Complaint and could therefore be considered by the Court without converting the Motion to a summary judgment motion. *See Alvarado*, 493 F.3d at 1215; *Jacobsen*, 287 F.3d at 942. However, Plaintiff has raised arguments in her Response to U.S. Bank's Motion which suggest that this is a matter best resolved, if necessary, in the summary judgment context, in the event that Plaintiff elects to re-file her claims against Little & Dranttel and U.S. Bank. *See, e.g.*, Doc. 41 at 6 (contending that Plaintiff discussed loan modification with U.S. Bank after entry of default in the foreclosure action). In the summary judgment context, the Court can better assess the alleged facts. The Court will therefore deny the Motions by Little & Dranttel [Doc. 8] and U.S. Bank [Doc. 31] to the extent that they seeks dismissal on grounds of claim preclusion.

### F. The Court's Decision to Dismiss is Further Supported by the Abstention Doctrines of *Colorado River* and *Younger v. Harris*.

Alternative to its Rule 12(b)(6) Motion, Defendant U.S. Bank moves the Court to abstain from considering Plaintiff's claims based on the concurrent foreclosure litigation pending before the New Mexico Court of Appeals. *See* Doc. 31 at 15-18.

1. <u>Because of Plaintiff's fee-related claims, which were not addressed in the foreclosure action, *Colorado River* abstention does not apply.</u>

"Federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them,' therefore, 'only the clearest of justifications will warrant dismissal.'" *Life-Link Int'l, Inc. v. Lalla*, 902 F.2d 1493, 1496 (10th Cir. 1990) (*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)). "[T]he circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Colorado River*, 424 U.S. at 818.

The "threshold condition for engaging in the *Colorado River* analysis" is a finding of parallel proceedings. *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002). "Any substantial doubt that the non-federal litigation will completely and promptly resolve the issues between the parties in the federal court action precludes abstention on the basis of parallel litigation." 17A James Wm. Moore, et al., Moore's Federal Practice § 122.06[1] (3d ed. 2011). Where the state court action does not resolve all claims presented in the federal case—even where a party chose not to raise the claims which would have been compulsory counterclaims in the state action—the state and federal actions are not truly parallel, and *Colorado River* does not apply. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592-93 (7th Cir. 2005).

Among the further factors to guide in consideration whether to abstain under *Colorado*

*River* are: "(a) which court first assumed jurisdiction over any property; (b) the inconvenience of the federal forum; (c) the desirability of avoiding piecemeal litigation; and (d) the order in which concurrent jurisdiction was obtained." *Life-Link* at 1495. In addition, the Court must consider "the adequacy of the state court proceedings to protect the parties' rights, whether issues of federal law are presented, and whether the attempt to invoke federal jurisdiction was done in bad faith." *Id.* at 1495-96.

Applying the *Colorado River* test to the present case, the Court cannot find that the ongoing appeal of the default judgment entered in the foreclosure action is truly a parallel proceeding. Nowhere in Plaintiff's Brief-in-Chief on appeal does she mention the fees assessed by U.S. Bank. *See Doc. 31-1*. These fees are the primary basis of Plaintiff's Complaint against Defendant U.S. Bank. *See Doc. 1* at 14-16[2]. Even if U.S. Bank is correct, and Plaintiff's challenge to these fees constitutes a compulsory counterclaim in the foreclosure action, the foreclosure action will not dispose of all the claims raised in the present case, and the Court therefore cannot abstain pursuant to *Colorado River*. *See Tru-Serv*, 419 F.3d at 592-93. Like the Seventh Circuit in *Tru-Serv*, this Court will follow the Supreme Court's "admonition ... not to stay or dismiss actions without strong justification to do so." *See id.* at 593 (quoting *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 279 (7th Cir. 2003)).

Absent Plaintiff's fee-related claims, however, the Court's *Colorado River* abstention

---

[2]Plaintiff pleads three counts against U.S. Bank: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f (Count I) based upon U.S. Bank's alleged act of "improperly demanding and collecting excessive attorneys fees, late fees after acceleration and other purported costs and expenses;" (2) fraud unrelated to the fees (Count III, improperly named as Plaintiff's "fifth claim for relief"); and (3) unjust enrichment resulting from the retention of "attorney's fees and costs which the defendants had no right to charge or collect" (Count IV, improperly named as Plaintiff's "sixth claim for relief").

analysis would be different. Plaintiff's fraud claim in the present case is essentially identical to her argument on appeal of the foreclosure action. In her Complaint before this Court, Plaintiff alleges that Defendant U.S. Bank had a duty under U.S. Treasury Department guidelines "to consider plaintiff's request for loan modification, advise plaintiff of whether the request had been accepted or rejected, allow plaintiff to contest the decision and submit a new application, and hold off on foreclosure proceedings until these steps had been properly completed." *Doc. 1* at 16, ¶ 72. Likewise, Plaintiff argues on appeal before the New Mexico Court of Appeals that Defendant U.S. Bank "completely ignored [its] affirmative contractual obligations under the Servicer Participation Agreement with the U.S. Treasury Department." *Doc. 31-1* at 3. *See also Doc. 31-1* at 5 ("[I]n ignoring defendant's application for a loan modification, and allowing the foreclosure sale to go forward despite the fact that defendant's request was pending, U.S. Bank (the servicer of defendant's mortgage) disregarded numerous steps the servicer was contractually required to take before the foreclosure sale.") Thus, the present case is parallel to the pending appeal of the foreclosure action.

The additional *Colorado River* factors, on the whole, would also weigh in favor of abstention. The state proceedings are certainly adequate to protect the parties' rights; the state court was the first court to consider the instant dispute; and the desirability of avoiding piecemeal litigation also weighs in favor of dismissing the present case. Thus, had Plaintiff's fee-related claims not been brought, *Colorado River* abstention would apply.

2. *Younger* counsels in favor of dismissal.

Under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear

> the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (quoting *Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). Like *Colorado River* abstention, *Younger* abstention is the exception rather than the rule. *See id.* at 888. Where the three elements of *Younger* are satisfied, however, abstention is "non-discretionary ... absent extraordinary circumstances." *Id.* (quoting *Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). As the Tenth Circuit has recognized, "'application of the *Younger* doctrine is absolute ... when a case meets the *Younger* criteria,' there is no discretion for the district court to exercise." *Taylor v. Jacquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (quoting *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 294 (7th Cir. 1994)).

Applying the *Younger* elements to the present case, the first element—an ongoing state proceeding—is unquestionably met. The second element requires that the state court provides an adequate forum to hear the claims presented. It is not necessary that Plaintiff actually take advantage of the state forum to assert her claims; only that the opportunity to do so exists. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977); *Moore v. Sims*, 442 U.S. 415, 430-31 (1979). The second *Younger* element is therefore also met. Third, the Court finds that New Mexico has an important state interest in actions, including foreclosure actions, concerning real property within its borders. *See Doc. 31* (collecting cases). As a result, the Court finds that dismissal of claims against Defendant U.S. Bank pursuant to *Younger* is appropriate as an alternative to Defendant U.S. Bank's FED. R. CIV. P. 12(b)(6) arguments.

## IV. CONCLUSION

The Court finds that the *Rooker-Feldman* Doctrine does not apply to Plaintiff's claims against Defendant Little & Dranttel. Thus, the Court will deny Defendant Little & Dranttel's Motion to Dismiss [Doc. 8] in part insofar as it contends that the Court lacks subject-matter jurisdiction. Having found that Plaintiff failed to plead facts sufficient to render her claims against Defendant Little & Dranttel and Defendant U.S. Bank plausible, the Court will grant both Defendants' Motions [Docs. 8 & 31] in part on the grounds that Plaintiff failed to state cognizable claims. Both Defendants' Motions will be denied in part to the extent they seek dismissal pursuant to *res judicata*, or claim preclusion. Finally, Defendant U.S. Bank's Motion is well-taken to the extent it argues for dismissal pursuant to *Younger v. Harris*, and it will therefore be granted in part, and in the alternative to the Fed. R. Civ. P. 12(b)(6) argument.

**IT IS THEREFORE ORDERED** that Defendant Little & Dranttel, P.C.'s Motion Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 8] and Defendant U.S. Bank National Association's Motion to Dismiss Plaintiff's Complaint and Alternative Motion to Abstain [Doc. 31] are each granted in part. Plaintiff's Complaint is therefore dismissed without prejudice as against Defendant Little & Dranttel, P.C. and Defendant U.S. Bank National Association.

**UNITED STATES DISTRICT JUDGE**