IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGRET FRANCOEUR on behalf of
herself and all others similarly situated,

     Plaintiff,

v.                                                    CIV 11-387 JCH/WPL

U.S. BANK HOME MORTGAGE; CHARTER
BANK; BEAL FINANCIAL CORPORATION;
LITTLE & DRANTTEL, P.C.,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on the Memorandum Motion for Summary

Judgment [Doc. 48] filed by Defendants Charter Bank ("New Charter Bank") and Beal Financial

Corporation ("Beal"). Having reviewed the parties' submissions and the relevant law, the Court

finds that Defendants' Motion is well-taken, and will therefore grant the Motion and dismiss

Plaintiff's claims against New Charter Bank and Beal with prejudice.

I.      BACKGROUND

This litigation arises out of the foreclosure upon Plaintiff's former home at 5325 N. Ja

Rob Lane in Hobbs, New Mexico. According to Plaintiff, she "took out the mortgage loan at

issue with Charter Bank." *See* Doc. 1 at 2, ¶ 5. Defendant Beal Financial Corporation allegedly

"bought the assets of Charter, including the mortgage loan at issue." *Id.* at 2, ¶ 6. Plaintiff

admits she received a letter from Charter on April 9, 2009, "telling her that she was in default on

her loan." *Id.* at 5, ¶ 19. Thereafter, Plaintiff contends she "spoke to people at the bank about

her situation, seeking to work out an arrangement in which she could either modify her loan, or

work out a schedule for repayment of any outstanding amounts owed." *Id.* at 5, ¶ 20.  In July

2009, however, Plaintiff acknowledges that "Charter Bank sued [her] in foreclosure." *Id.* at 6, ¶

23.  Plaintiff hired an attorney to represent her in the foreclosure matter, and was advised that her

attorney was working with "Mary at Charter" to modify her loan.  *See id.* at 6-7, ¶ 30.  After

learning that her attorney "had stopped servicing [his] clients in any meaningful manner during

the summer and fall of 2009," Plaintiff "called Mary M. Garris, an employee of Charter Bank,

who reiterated to plaintiff that a loan modification which would resolve the amount owed to

Charter was imminent." *Id.* at 7, ¶ 32.  As of January 20, 2010, however, Plaintiff acknowledges

she knew that US Bank would be the new servicer of her loan.  *See id.* at 7, ¶ 33.  Plaintiff's

home was sold in a foreclosure sale on April 20, 2010.  *See id.* at 9, ¶ 41.

Plaintiff purports to assert claims against New Charter Bank and Beal for violations of

the Truth in Lending Act ("TILA"), specifically for charging improper fees and failing to refund

Plaintiff's credit balance.  *See* Doc. 1 at 15, ¶¶ 66-68.  Plaintiff also contends that Defendants

New Charter Bank and Beal committed fraud, contending that New Charter Bank and Beal

"falsely represented to plaintiff that a loan modification was imminent, and deliberately kept the

purported rejection of plaintiff's loan modification a secret until after plaintiff's home had been

sold at auction." *Id.* at 16, ¶ 73.  It appears Plaintiff also intends to plead a claim of fraud by

silence given her further assertion that she "reasonably relied on defendants' silence about her

loan modification." *Id.* at 16, ¶ 74.  In support of Plaintiff's unjust enrichment claim, she argues

that Defendants New Charter Bank and Beal improperly retained "payment for attorneys' fees

and costs which the defendants had no right to charge or collect." *Id.* at 17, ¶ 78.  Finally,

Plaintiff also claims that New Charter Bank and Beal breached "the standard loan document

agreements with Plaintiffs." *Id.* at 17, ¶ 81.

Defendants New Charter Bank and Beal move for summary judgment on multiple grounds. First, they contend that the Court lacks jurisdiction pursuant to the *Rooker-Feldman* Doctrine. *See* Doc. 48 at 5-8. Second, Defendants argue Plaintiff's claims are barred by *res judicata* or claim preclusion. *See id.* at 8-10. Third, Defendants seek summary judgment on the merits. As to Plaintiff's TILA claims, Defendants argue that they are not "creditors" under TILA; that they have not assumed liability for any claims Plaintiff may have against their predecessor in interest, Charter Bank of Santa Fe ("Old Charter Bank"); and that Plaintiff's claims are barred by the applicable statute of limitations. *See id.* at 10-12. Regarding Plaintiff's fraud claims, Defendants contend that Plaintiff has not adequately pled the claim and that, in any event, they cannot be held liable for fraud because they never owned the mortgage loan in question and because fraud cannot exist based upon an unfulfilled promise of a future event. *See id.* at 12-15. Plaintiff's unjust enrichment claims fail, according to Defendants, because the undisputed material facts are that they never received any money relative to Plaintiff's mortgage. *See id.* at 15-16. Finally, Defendants seek judgment in their favor on Plaintiff's breach of contract claim because neither is a party to any contract with Plaintiff. *See id.* at 16-17.

## II.   LEGAL STANDARD

### A.   FED. R. CIV. P. 12(b)(2) and the *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine "arises by negative inference from 28 U.S.C. § 1257(a), which allows parties to state court judgments to seek direct review in the Supreme Court of the United States, but not to appeal to the lower federal courts." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006). *Rooker-Feldman* precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In other words, the *Rooker-Feldman* Doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of [a] state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

Because *Rooker-Feldman* challenges subject-matter jurisdiction, the Court will construe New Charter Bank's and Beal's Motion as one brought pursuant to Fed. R. Civ. P. 12(b)(2). Likewise, the Court will address this argument first, for if Defendants are correct and *Rooker-Feldman* applies, then the Court lacks subject-matter jurisdiction to consider the merits of Plaintiff's claims.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  In the former situation, the Court presumes the allegations of the complaint to be true.  *See id.*  In the latter, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdiction facts under Rule 12(b)(1)."  *Alto Eldorado Partners v. City of Santa Fe*, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M. March 11, 2009) (Browning, J.) (citations omitted).  Where the jurisdictional question is intertwined with the merits of the case, the court should resolve the motion under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999).  "When deciding whether jurisdiction is intertwined

with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002)).

      **B.**      **Summary Judgment**

      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A mere scintilla of evidence in the non-movant's favor is not sufficient. *Anderson*, 477 U.S. at 252. However, the court must consider all the evidence in the light most favorable to the party opposing summary judgment. *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006).

      Both the movant and the party opposing summary judgment are obligated to "cit[e] to *particular parts* of materials in the record" to support their factual positions. FED.R.CIV.P. 56(c)(1)(A) (emphasis added). Alternatively, parties may "show[] that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1)(B). *See also Medlock v. United Parcel Service, Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010) ("[I]f the matter in issue concerns an essential element of the nonmovant's claim, the moving party may satisfy the summary judgment standard 'by identifying a lack of evidence for the nonmovant on [that] element.'" (internal quotation and citation omitted) (alteration in original)). Materials cited to establish the

presence or absence of a genuine dispute must be in a form that would be admissible in evidence.  FED.R.CIV.P. 56(c)(2).

The court need only consider the materials cited by the parties.  FED. R. CIV. P. 56(c)(3). In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment.  FED. R. CIV. P. 56(e). The court is also empowered to grant summary judgment, if appropriate, independent of the motion after giving notice and a reasonable time to respond.  FED. R. CIV. P. 56(f).

## III.    ANALYSIS

### A.    *Rooker-Feldman* Does Not Apply to Plaintiff's Claims.

The Tenth Circuit recognized in *Guttman v. GTS Khalsa* that the *Rooker-Feldman* Doctrine was limited in its applicability to state court judgments that are final.  *See* 446 F.3d 1027, 1032 (10th Cir. 2006).  The Supreme Court in *Exxon Mobil* "reduced the scope of the *Rooker-Feldman* doctrine to the narrow set of cases out of which it was born."  *Guttman*, 446 F.3d at 1031-1032.  Because 28 U.S.C. § 1257(a) does not permit appeal to the Supreme Court except from final state court judgments, the inference that jurisdiction does not exist in lower federal courts is equally limited.

The parties do not dispute that Plaintiff's foreclosure action continues on appeal before the courts of New Mexico.  Therefore, based upon the Tenth Circuit's opinion in *Guttman* as well as the United States Supreme Court in *Exxon Mobil*, the Court finds that the *Rooker-Feldman* Doctrine does not apply.  This court has subject-matter jurisdiction over Plaintiff's claims against Defendants New Charter Bank and Beal.

### B.    Plaintiff Does Not Credibly Challenge the Undisputed Material Facts Alleged

**by Defendants.**

Plaintiff does not respond individually to Defendants' 28 asserted undisputed material facts.  *See* Doc. 53.  Rather, Plaintiff claims generally that Defendants' asserted facts are "inadmissible hearsay assertions."  *See id.* at 3.  Plaintiff also argues that the affidavits provided by Defendants in support of their proposed facts are not based on personal knowledge.  *See id.* Upon examination of the affidavits in question, however, the Court finds that Plaintiff's allegations lack merit.

For instance, Exhibit B to Defendants' Motion is an affidavit provided by Russell Cummins of Beal Financial Corporation.  *See* Doc. 48-2.  Prior to his employment with Beal, Mr. Cummins was the Executive Vice President, Chief Financial Officer, and Chief Information Officer for Charter Bank, Santa Fe ("Old Charter Bank").  *See id.* at ¶ 2.  He states it was his responsibility to oversee loan servicing, including the servicing of mortgages like Plaintiff's, which were owned by Freddie Mac.  *See id.* at ¶¶ 3, 4, 9.  In this capacity, Mr. Cummins had personal knowledge that Old Charter Bank transferred its Freddie Mac loans to Defendant U.S. Bank for servicing on or about January 6, 2010.  *See id.* at ¶7.  Likewise, the Court accepts Mr. Cummins' testimony that although some of Old Charter Bank's assets were transferred to New Charter Bank, New Charter Bank never owned or serviced Plaintiff's mortgage, and neither New Charter Bank nor Beal ever assumed any liabilities arising from the servicing of any loans prior to January 22, 2010, and neither New Charter Bank nor Beal ever received any funds related to Plaintiff's mortgage.  *See id.* at ¶¶ 12-16.

Not only does Mr. Cummins testify in his affidavit that he has personal knowledge of these matters, but Plaintiff provides no real challenge to Mr. Cummins' knowledge.  *See generally* Doc. 53.  Whereas Plaintiff claims that discovery is necessary "to test the evidence

submitted by defendants," *see* Doc. 53-1 at 1, she does not identify any probable facts that are

not presently available; any reason why those facts cannot be presented now, without the benefit

of discovery; what steps have been taken to obtain missing facts; or how additional time will

enable her to obtain the missing facts. *See Valley Forge Ins. Co. v. Health Care Mgmt.*, 616

F.3d 1086, 1096 (10th Cir. 2010) (affirming summary judgment in the face of a Rule 56(f)

affidavit lacking the above-listed information). Given Plaintiff's failure to address Defendants'

assertions of fact, the Court may consider Defendants' facts undisputed. *See* FED. R. CIV. P.

56(e).

        **C.     Even Considering Defendants' Undisputed Material Facts, *Res Judicata* Does**
               **Not Apply to Bar Plaintiff's Present Claims.**

      "*Res judicata*, or 'claim preclusion,' bars litigation of claims that were or could have

been advanced in an earlier proceeding." *Strickland v. City of Albuquerque*, 130 F.3d 1408,

1412 (10th Cir. 1997). Under New Mexico law, there are four elements which must be satisfied

in order to bar a claim: (1) the same party or parties in privity; (2) the identity of capacity or

character of persons for or against whom the claim is made; (3) the same subject matter; and (4)

the same cause of action in both suits. *See id.* (citing *Myers v. Olson*, 676 P.3d 822, 824 (N.M.

1984)).

      According to the docket sheet attached by Defendants, Plaintiff in the underlying

foreclosure action was "Charter Bank." *See* Doc. 48-1. No distinction appears to have been

made in the foreclosure action between "Old Charter Bank" and "New Charter Bank." *See id.*

Given the undisputed material facts in the present case, however, it is likely that the "Charter

Bank" involved in the foreclosure action was "Old Charter Bank," which previously serviced

Plaintiff's mortgage and is *not* party to the present case. It would not make sense for the

underlying foreclosure to have involved "New Charter Bank," which is a party to the present

case, because "New Charter Bank" never serviced Plaintiff's mortgage and never received any

funds related to Plaintiff's mortgage.  *See* Doc. 48 at ¶¶ 20, 23.  While it could be argued that

Old Charter Bank and New Charter Bank are in privity with one another, it is undisputed here

that New Charter Bank acquired no funds or obligations related to Plaintiff's mortage.  *See id.*

Thus, the present case does not satisfy the first element of *res judicata* in that it does not involve

the same parties (or privies) as the foreclosure action.

       **D.**     **Plaintiff Cannot Prevail on Her Truth in Lending Act Claim**.

      Plaintiff contends that New Charter Bank and Beal violated TILA by charging fees "in

excess of that permitted by law" and "which they had no right to collect."  *See* Doc. 1 at ¶¶ 66-

67.  In addition, Plaintiff argues she had a credit balance that New Charter Bank and Beal failed

to refund in violation of Section 1666d of TILA.  *See id.* at ¶ 68.

      Defendants argue that Plaintiff's TILA claims should be dismissed for two reasons.

First, Defendants claim TILA does not apply to them because they are not "creditors" under

TILA.  *See* Doc. 48 at 11.  Second, Defendants contend that Plaintiff's TILA claims should be

dismissed because they were not brought "within one year from the date of the occurrence of the

violation."  *See id.* (citing 15 U.S.C. § 1640(e)).

         1.    <u>Regardless whether Defendants might be "creditors" under TILA, the undisputed material facts show they were not involved with Plaintiff's mortgage at any time and therefore cannot be held liable for any TILA violation.</u>

         The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or service, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is

> initially payable on the face of the evidence of indebtedness or, if
> there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g).  The undisputed material facts show that Old Charter Bank originated

Plaintiff's mortgage.  Defendant U.S. Bank later assumed the mortgage.  At no point did New

Charter Bank or Beal perform any servicing of Plaintiff's mortgage or obtain any benefit from

Old Charter Bank's role as Plaintiff's creditor.  As such, the Court agrees with Defendants that

they could not have been involved in any credit balances that Plaintiff may have been owed in

connection with her mortgage.  *See* Doc. 48 at 11.

      Significantly, however, TILA's definition of "creditor" also provides that "[a]ny person

who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-

month period or any person who originates 1 or more such mortgages through a mortgage broker

shall be considered a creditor for purposes of this subchapter."  15 U.S.C. § 1602(g).  Plaintiff

does not address this provision in the briefing.  As there are no facts alleged to establish whether

New Charter Bank or Beal originate two or more high-interest mortgages within a year or

whether they originate mortgages through a broker, the Court cannot conclude that either New

Charter Bank or Beal are "creditors."  Because there is no evidence that New Charter Bank or

Beal was involved with Plaintiff's mortgage at any time, the Court finds summary judgment is

appropriate in their favor regardless whether they might generally qualify as "creditors" under

TILA.

      2.    <u>TILA's one-year statute of limitations bars Plaintiff's claims.</u>

      Even if Defendants New Charter Bank and Beal could be considered "creditors" under

TILA, the one-year statute of limitation bars Plaintiff's claims.  Although Plaintiff does not state

when her account was charged or credited, the subject charges or credits would necessarily have

occurred by the time of the foreclosure sale, which Plaintiff admits was April 20, 2010.  *See*

Doc. 1 at 9, ¶ 41.  Plaintiff did not file her Complaint under May 5, 2011, more than one year

after the TILA statute of limitations expired.  *See* Doc. 1.  In response to Defendants' Motion,

Plaintiff argues that her creditor could not have actually received funds "in excess of the total

balance due on the account" until May 6, 2010.  *See* Doc. 53 at 15.  Because Plaintiff has not

alleged facts to support or explain this argument, the Court is unable to consider it.

> **E.     Plaintiff Has Not Sufficiently Pled Fraud As Against Defendants New Charter Bank or Beal.**

New Mexico law provides that "[a]n actionable fraud is a misrepresentation of fact,

known to be untrue by the maker, and made with an intent to deceive and to induce the other

party to act upon it with the other party relying upon it to his injury or detriment."  *Wilde v.*

*Westland Dev. Co., Inc.*, 241 P.3d 628, 640 (N.M. Ct. App. 2010).  Actionable fraud is also

found "if a party to a transaction knows of material facts, has a duty to disclose, and remains

silent."  *Krupiak v. Payton*, 561 P.2d 1345, 1346 (N.M. 1977).  "In alleging fraud or mistake, a

party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ.

P. 9(b) (stating further that "[m]alice, intent, knowledge, and other conditions of a person's mind

may be alleged generally").  Where a party fails to plead fraud with particularity, dismissal is

appropriate.  *See, e.g., Saylor v. Valles*, 63 P.3d 1152, 1159 (N.M. Ct. App. 2002).

Plaintiff alleges two instances of fraud: (1) the alleged representation by a Charter

employee that a loan modification was "imminent"; and (2) alleged concealment of the fact that

the modification had been denied.  *See* Doc. 53 at 15.  In her Complaint, Plaintiff states that

"defendants falsely represented to plaintiff that a loan modification was imminent, and

deliberately kept the purported rejection of plaintiff's loan modification application a secret until

after plaintiff's home had been sold at auction." Doc. 1 at16, ¶ 73. Sometime after February 23, 2010, Plaintiff claims she "called Mary M. Garris, an employee of Charter Bank, who reiterated to plaintiff that a loan modification which would resolve the amount owed to Charter was imminent." Doc. 1 at 7, ¶ 32.

Although Plaintiff's Complaint does not distinguish between Old Charter Bank and New Charter Bank, the facts are undisputed that Defendants New Charter Bank and Beal had no role in relation to Plaintiff's mortgage. Neither New Charter Bank nor Beal ever serviced the mortgage. *See* Doc. 48 at 4, ¶ 20. In fact, Plaintiff acknowledges that the mortgage was serviced by U.S. Bank after January 8, 2010. *See id.* at 5, ¶ 21. Neither New Charter Bank nor Beal received any funds related to Plaintiff's mortgage or the foreclosure of her home. *See id.* at 5, ¶ 23. Plaintiff's mortgage was not one of the assets of Old Charter Bank that New Charter Bank assumed. *See id.* at 4, ¶ 18, and neither New Charter Bank nor Beal ever assumed liabilities from the servicing of loans prior to the FDIC's receivership of Old Charter Bank on January 22, 2010. *See id.* at 4, ¶ 19.

Plaintiff makes no allegations as to whether the Charter employee, Mary Garris, who allegedly made the fraudulent statement was an employee of Old Charter Bank or New Charter Bank. Nor does Plaintiff allege that Ms. Garris, or New Charter Bank, knew that Ms. Garris was making a false statement when she allegedly characterized Plaintiff's loan modification as "imminent." Plaintiff also fails to allege that Ms. Garris, or New Charter Bank, had an intent to deceive Plaintiff. With regard to fraudulent nondisclosure, Plaintiff similarly fails to allege that Ms. Garris, or New Charter Bank, knew of material facts that she failed to disclose. Simply put, Plaintiff has not sufficiently pled fraud against either Defendant New Charter Bank or Defendant Beal. Her claims, as pled, lack information that would render them plausible, particularly in

light of the undisputed fact that neither New Charter Bank or Beal had any role with regard to Plaintiff's mortgage.

### F. Plaintiff Has Not Sufficiently Pled Unjust Enrichment.

The elements of unjust enrichment under New Mexico law are: "(1) another has been knowingly benefitted at one's expense; (2) in a manner such that allowance of the other to retain the benefit would be unjust." *City of Rio Rancho v. Amrep Southwest Inc.*, 260 P.3d 414, 428-29 (N.M. 2011).

In support of her unjust enrichment claim, Plaintiff claims that "[i]t would be inequitable for Charter Bank, U.S. Bank Home Mortgage, Beal Financial or Little & Dranttel to retain from the borrowers payment for attorneys' fees and costs which the defendants had no right to charge or collect, and defendants have been unjustly enriched by doing so." Doc. 1 at 17, ¶ 78. However, the undisputed material facts are that neither Defendant New Charter Bank nor Defendant Beal received any funds related to Plaintiff's mortgage nor the foreclosure of her home. *See* Doc. 48 at 5, ¶ 23. Plaintiff has not countered Defendants' proposed facts with any proposed facts of her own or any probable facts that might be discovered. Summary judgment in favor of New Charter Bank and Beal will therefore be entered.

### G. Absent the Existence of a Contract Between the Parties, Plaintiff Cannot Prevail on Her Breach of Contract Claim.

Plaintiff admits in response to Defendants' Motion that she does not know whether her loan was assigned by Charter to Freddie Mac. *See* Doc. 53 at 17. In fact, Defendants' position is that Charter never owned her mortgage; the mortgage was held by Freddie Mac from its inception and only serviced by Old Charter Bank until approximately January 8, 2010, when U.S. Bank assumed service of the mortgage. *See* Doc. 48 at 2-4. Defendants New Charter Bank

and Beal have presented admissible evidence demonstrating that they had no role with respect to Plaintiff's mortgage and neither benefitted nor profitted in any way from Plaintiff's mortgage or the foreclosure of her home.  *See id.*  Plaintiff offers no evidence or probable evidence to suggest any dispute as to the Defendants' facts.  Accordingly, the Court will grant summary judgment in favor of Defendants New Charter Bank and Beal.

**IV.     CONCLUSION**

Defendants New Charter Bank and Beal Financial Corporation have shown there is no dispute as to the material facts.  Likewise, the Defendants have shown that the law, as applied to the undisputed facts, does not support Plaintiff's claims.  The Court will therefore grant Defendants' Motion for Summary Judgment [Doc. 48] and dismiss Plaintiff's Complaint against Defendants New Charter Bank and Beal Financial Corporation in its entirety.

_____
UNITED STATES DISTRICT COURT JUDGE