## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARGRET FRANCOEUR on behalf of**
**herself and all others similarly situated,**

    **Plaintiff,**

**v.**                                        **CIV 11-387 JCH/WPL**

**U.S. BANK HOME MORTGAGE; CHARTER**
**BANK; BEAL FINANCIAL CORPORATION;**
**LITTLE & DRANTTEL, P.C.,**

    **Defendants.**

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff Margret Francoeur's *Motion to Alter or Amend Judgment* (Doc. 60).  On May 29, 2012, this Court entered a final judgment which dismissed Plaintiff's Complaint against all Defendants in the instant case.  The Court's judgment was based on decisions previously rendered on May 24, 2012 – in which the Court granted, without prejudice, separate motions to dismiss brought by Defendant Little & Dranttel, P.C. ("Little") and Defendant U.S. Bank National Association ("U.S. Bank")[1] – and May 29, 2012 – in which the Court granted a combined motion for summary judgment filed by remaining Defendants Charter Bank ("New Charter Bank") and Beal Financial Corporation ("Beal"). While the Court found that Defendants were entitled to dismissal on the merits, it also took up U.S. Bank's alternative argument that the claims against it were also subject to dismissal under the abstention doctrine set forth by the U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37, 54 (1971), which sets forth the conditions under which a federal court should abstain from

_____

[1]U.S. Bank is apparently misidentified as "U.S. Bank Home Mortgage" in the pleadings and the caption.

hearing a case in light of an ongoing state judicial proceeding.[2]  The Court agreed that the doctrine applied to this action, and concluded that "dismissal of claims against Defendant U.S. Bank pursuant to *Younger* is appropriate as an alternative to Defendant U.S. Bank's Fed. R. Civ. P. 12(b)(6) arguments."  (Doc. 56 at 16).  The Court did not address whether *Younger* abstention provided a basis for dismissing Plaintiff's claims against any other Defendant, as no other Defendant raised the argument on its own initiative.

       In support of the instant motion, Plaintiff argues, *inter alia,* that the Court committed clear legal error by reaching the merits of *any* of her claims, in light of its finding that *Younger* abstention should apply to her claims against U.S. Bank.  Further, Plaintiff argues that, even if *Younger* applied at the time judgment was entered – which Plaintiff does not concede -- the Court should have stayed the case in its entirety, rather than dismiss without prejudice her claims against the only Defendant to invoke the doctrine.  In order to resolve the motion, on January 10, 2013, the Court ordered supplemental briefing asking each Defendant to address (I) whether *Younger* abstention applied to Plaintiff's claims against it during the time that dispositive motions were filed; (II) if so, whether the Court had discretion to dismiss Plaintiff's claims without prejudice, or was required to stay federal proceedings instead; and (III) whether reconsideration would, in any event, be moot, because another jurisdictional doctrine would now

---

       [2]As set forth more fully in the Court's May 29 Memorandum Opinion and Order, the instant suit involves some of the parties and many of the issues as an ongoing state-court foreclosure proceeding brought by "Charter Bank," represented by its counsel, Little, against Plaintiff.  (Doc. 66 Ex. 1).  It is unclear whether the state foreclosure plaintiff is the instant Defendant, New Charter Bank, or its predecessor in interest, Old Charter Bank, which is not a party in the instant case.  *See* Doc. 58 at 8-9 (noting that "[i]t would not make sense for the underlying foreclosure to have involved 'New Charter Bank,' which is a party to the present case, because 'New Charter Bank' never serviced Plaintiff's mortgage and never received any funds related to Plaintiff's mortgage.").

preclude the Court from exercising jurisdiction over the case.  The Court having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds on reconsideration that, having determined that *Younger* abstention applied to Plaintiff's claims against U.S. Bank, the clearest course would have been to apply the doctrine to the claims of the remaining Defendants, and thus to abstain from reaching the merits of Plaintiff's claims. Further, while the law on this point is by no means clear, the Court finds that it would have been preferable to stay the proceeding in its entirety, rather than dismiss the action without prejudice. Accordingly, Plaintiff's motion to set aside the judgment will be granted and proceedings will be re-opened and stayed, pending resolution of the state foreclosure case.

## DISCUSSION

Plaintiff brings her motion to reconsider pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), which warrants alteration or amendment of a judgment in the event of "(1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id*.  However, "a motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir., Dec. 21, 1994) (table). Here, as noted above, Plaintiff claims that the Court committed clear legal error in various ways, including by finding that *Younger* abstention applied to some of the claims in issue, and then, having done so, by not staying the entire case until the state court proceeding was complete.

3

**I.**     <u>**The Applicability of *Younger* Abstention**</u>

Under *Younger* and its progeny,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10ᵗʰ Cir. 2009) (quoting *Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10ᵗʰ Cir. 1997)).  In support of the instant motion, Plaintiff contends that the Court erred in concluding that the instant action, which she characterizes as an "ordinary civil litigation," satisfied the third *Younger* factor as involving an important state interest, and/or a matter which traditionally looks to state law for its resolution.  (Doc. 73 at 3).  Plaintiff fails to mention, let alone dispute the relevance of, any of the collected cases cited in the Court's May 24 Opinion.  *See* Doc. 56, *citing cases collected at* Doc. 31. Accordingly, the Court finds no reason to disturb its earlier finding that the State of New Mexico has an important state interest in actions, including foreclosure actions, concerning real property within its borders.  *See, e.g., Shaffer v. Heitner*, 433 U.S. 186, 208 (1977) (recognizing state's "strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property"); *Taylor*, 126 F.3d at 1297 ("[W]hat more important state interest is there for the state court to address than the enforcement of its method of registering good title to privately owned lands within the state[?]  That individual citizens may raise these issues does not transform the state interest into a private one.")

**II.**     **Whether Application of *Younger* Mandated a Different Outcome**

Having concluded that it did not err in applying *Younger* abstention to Plaintiff's claims against U.S. Bank, the Court turns to the questions of whether it committed clear legal error by (1) not applying its *Younger* holding to Plaintiff's claims against all Defendants, even though only U.S. Bank contended that it so applied; (2) reaching the merits of Plaintiff's claims, while acknowledging that abstention principles applied to her claims against U.S. Bank; and (3) dismissing the case against U.S. Bank partly pursuant to *Younger*, rather than staying it until the state foreclosure proceeding was resolved.

As noted above, the Court's May 24 and May 29 Opinions addressed the parties' various arguments as they elected to raise them.  Consequently, because only U.S. Bank contended that the circumstances of this case met the requirements for federal abstention under *Younger*, the Court applied the doctrine to Plaintiff's claims against U.S. Bank alone.  The Court finds that its approach did not amount to clear legal error, as courts are by no means obligated to save parties from themselves by entertaining issues that the parties themselves have forfeited.  However, after reviewing the remaining Defendants' supplemental arguments that *Younger* applied to Plaintiff's claims against them at the time dispositive motions were filed – arguments submitted in response to the Court's *sua sponte* order –  the Court agrees that, at the time final judgment was entered, *Younger* abstention should have applied to all claims in the instant suit. Accordingly, once *Younger* is invoked and found to apply, it follows that a district court should postpone the exercise of its jurisdiction, including by not analyzing the merits of a plaintiff's claims, until the related state court action is resolved.  *But see Winters v. Kan. Dept. of Soc. & Rehab. Servs.*, 441 Fed. Appx. 611, 612, 2011 U.S. App. LEXIS 23518, at *4 (10th Cir., Nov. 22, 2011) unpublished) (affirming district court's dismissal of claims on the merits, or alternatively,

5

based on the applicability of *Younger*).

　　　Thus, the Court turns to the question of whether it had discretion to dismiss Plaintiff's claims without prejudice, or was instead required to stay the case, pending resolution of the state foreclosure action.  The law is not entirely clear on this point, and Defendants themselves do not agree as to whether a stay was mandated.  *See* Doc. 70 at 4 (New Charter Bank and Beal conceding that stay should have been issued); Doc. 69 at 5 (U.S. Bank arguing that the Court did not err in dismissing under *Younger*).  Indeed, the Court could not identify a published, precedential decision of the Tenth Circuit clearly requiring entry of a stay in a case like this one. *See Buck v. Myers,* 244 Fed. Appx. 193, 198, 2007 U.S. App. LEXIS 16337, at *10 (10th Cir., July 10, 2007) (unpublished) (noting that where *Younger* factors are met, "the district court should stay federal proceedings on the damage claims, not dismiss the action altogether") (remanding claims dismissed pursuant to *Younger* doctrine); *but see Ysais v. Children Youth and Family Dept.*, 353 Fed. Appx. 159, 160, 2009 U.S. App. LEXIS 25693, at *1 (10th Cir., Nov. 24, 2009) (unpublished) (affirming district court's dismissal of claims based partly on applicability of *Younger*); *Winters,* 441 Fed. Appx. at 612 (affirming district court's "well-reasoned Memorandum and Order" granting dismissal on grounds including applicability of *Younger*).

　　　Nevertheless, the Court finds that entry of a stay is clearly the more prevalent course where *Younger* is applied.  *See, e.g.,  D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (noting that *Younger* can be satisfied "by just staying proceedings on the federal damages claim until the state proceeding is final"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1995) (analyzing abstention principles in case involving non-*Younger* abstention doctrine and concluding that Supreme Court has "permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action

6

altogether").  Moreover, while Defendants maintain that Plaintiffs' claims can be fully redressed in the state court proceeding, the law *is* clear that a federal district court "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in state proceedings." *Deakins v. Monaghan,* 484 U.S. 193, 202 (1988); *see also Allen v. Bd. of Educ., Unified School Dist. No. 436*, 68 F.3d 401, 403 (10th Cir. 1995). Without sufficient information before it to determine whether Plaintiff could in fact, achieve full monetary redress from the state court, the Court finds that the preferable course is to vacate its final judgment and stay the instant proceeding.

## III.    **Whether Reconsideration Would Be Moot, In Light of Another Jurisdictional Bar**

The Court's *sua sponte* order further asked the parties to address the impact on the instant action of the New Mexico Court of Appeals' May 15, 2012 decision affirming the entry of default judgment against Plaintiff in her state foreclosure action, as it appeared from the limited information offered by the parties at that time that Plaintiff did not timely apply for review of the appellate court's decision.  *See* Doc. 68 at 4.  It now appears from the supplemental briefing that Plaintiff did in fact timely petition for review of the Court of Appeals' decision on July 11, 2012, and that her petition was granted on August 3, 2012.[3]  (Doc. 69 at 1 n.2) (citing *Charter Bank v. Francoeur,* No. 33-709 (Aug. 3, 2012)).

Because the state foreclosure action is not yet final, the Court declines to apply the *Rooker-Feldman* doctrine – which precludes state-court losing parties "from seeking what in

_____

[3]U.S. Bank explains that Plaintiff's petition for review was timely "because, unbeknownst to U.S. Bank, Plaintiff filed a motion for rehearing on May 30, 2012, which was denied on June 11, 2012."  (Doc. 69 at 1 n.2) (citing N.M. R.A.P. 12-502).  Remaining Defendants Little, New Charter Bank, and Beal all likewise concede that the state proceeding is still ongoing.  (Doc. 70 at 7, Doc. 71 at 2).

substance would be appellate review of [a] state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" – to the instant case. *Johnson v. DeGrandy,* 512 U.S. 997, 1005-06 (1994); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp,* 544 U.S. 280, 284 (2005). In their supplemental briefs, certain Defendants argue that because aspects of the state judgment are final for Plaintiff's failure to appeal them, pursuant to *Rooker-Feldman,* this Court now lacks jurisdiction over some of the instant claims. *See, e.g.,* Doc. 71 at 7 (Little arguing that "since Plaintiff did not raise or appeal the attorney fee and cost award . . . [a]ny ruling by this Court [that] the fees and costs awarded in the foreclosure judgment violated the FDCPA would disturb that state court's judgment"); Doc. 69 at 7 (U.S. Bank arguing that state court's fees and costs award deprives Court of jurisdiction over Plaintiff's unjust enrichment and FDCPA claims); *see also* Doc. 70 at 6 (New Charter Bank and Beal arguing that the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817-21 (1976), applies to this case, but not analyzing whether it would justify dismissal of Plaintiff's claims). Because the Court has not had the benefit of full briefing on Defendants' contentions or on Plaintiff's response that *Rooker-Feldman* applies only to actions filed in federal court after state proceedings are final, the Court will refrain from ruling on the applicability of *Rooker-Feldman* or *Colorado River* at this time.

## CONCLUSION

Therefore, for the reasons set forth above, the Court finds that Plaintiff's *Motion to Alter or Amend Judgment* (Doc. 60) is **GRANTED.** The case is hereby re-opened and a stay of proceedings is entered. Once the state court proceedings are final, the Court will proceed to further adjudication of the instant case, and the parties will be able to renew any motions from

their prior dispositive motions, or make any new motions based on the outcome of the state court proceeding.

_____
UNITED STATES DISTRICT COURT JUDGE