IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGRET FRANCOEUR on behalf of
herself and all others similarly situated,

    Plaintiff,

v.                                                             CIV 11-387 JCH/WPL

U.S. BANK HOME MORTGAGE; CHARTER
BANK; BEAL FINANCIAL CORPORATION;
LITTLE & DRANTTEL, P.C.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Charter Bank's and Beal Financial Corporation's ("Beal") Motion to Lift Stay and Enter Judgment in their Favor (ECF No. 76); on Defendant Little & Dranttel, P.C.'s ("Little") Notice of Order (ECF No. 75); and on Defendant U.S. Bank Home Mortgage's ("U.S. Bank") Notice of Completion of Parallel State Court Action (ECF No. 80), in which it expressly moved to renew its prior dispositive motion to dismiss. The Court, having considered the motions, briefs, evidence, and applicable law, concludes that Defendants' respective motions and requests should be granted. The Court will therefore lift the stay in this case and will enter judgment in favor of all Defendants and dismiss this case with prejudice.

I.      FACTUAL AND PROCEDURAL BACKGROUND

     A.     State Court Foreclosure Proceedings

This case arises out of the foreclosure upon Plaintiff's former home at 5325 N. Ja Rob Lane in Hobbs, New Mexico. Plaintiff alleges she took out the mortgage loan at Charter Bank.

Compl. ¶ 5, ECF No. 1.  After receiving a letter in April 2009 from Charter Bank informing her that she was in default, Plaintiff hired an attorney to represent her in her attempts to obtain a loan modification and protect her home from foreclosure.  *See id.*  ¶¶ 19-23.  Unbeknownst to Plaintiff until February 2010, her attorney had taken no meaningful actions to represent her.  *See id.* ¶¶ 24-32.  In July 2009, Charter Bank sued Plaintiff in foreclosure, seeking the amount still owed on the loan, plus attorneys' fees and costs.  *Id.* ¶ 23.  By Order dated September 30, 2009, the state court entered a default judgment against Plaintiff in favor of Charter Bank; awarded attorneys' fees in the amount of $1,325.25 and costs of $480.74; stated that Charter Bank could also recover additional costs and attorneys' fees necessary to protect the Property until it was sold, together with the costs of the sale including a reasonable special master's fee; and finally, appointed a special master.  *See id.* ¶ 35.

Defendant U.S. Bank succeeded Charter Bank as the servicer of Plaintiff's mortgage loan in January 2010.  *Id.* ¶¶ 33, 36.  Defendant Beal bought Charter Bank's assets, including the mortgage loan at issue, in January 2010 when the Federal Deposit Insurance Corporation ("FDIC") placed Charter Bank into receivership.  *See id.* ¶ 6, 37.[1]  In March 2010, Defendant Little, a law firm, began representing Defendant U.S. Bank in the foreclosure action.  *See id.* ¶¶ 40-42.  Plaintiff's home was sold in a foreclosure sale on April 20, 2010.  *Id.* ¶ 41.

On May 6, 2010, the Special Master issued a Report of Sale, requesting that the court award additional fees and costs of $5,774.57, to include $2,197.39 in miscellaneous fees and $1,398.55 in additional attorneys' fees and costs.  *Id.* ¶ 52.  That same day, the state court signed the Order approving the Report of Sale.  *Id.* ¶ 55.

After the sale, on May 27, 2010, Plaintiff filed a motion in the state district court to set

---

1   Defendant Beal disputes the fact that it bought all of Charter Bank's assets and that it bought Plaintiff's mortgage.  *See infra*.

aside the default judgment and vacate the sale.  *See Charter Bank v. Francoeur*, 2012-NMCA-078, ¶ 7, 287 P.3d 333.  As relevant here, Plaintiff made the following arguments in support of her motion:  (i) her failure to answer was excusable neglect based on her attorney's negligence; (ii) that Charter Bank engaged in fraud, misrepresentation, estoppel, and other misconduct during the foreclosure sale by assuring her that a loan modification was imminent; and (iii) that Charter Bank did not comply with treasury directives required by the federal Making Homes Affordable Program ("HAMP") and the service agreements because her application for a loan modification was not timely evaluated, she was not notified whether the application was accepted or rejected, and Charter Bank proceeded with the foreclosure sale despite her pending application for loan modification.  *Id.*  Following the completion of briefing on Plaintiff's motion to vacate, the state district court held a hearing on the motion on June 2, 2010.  *See* Defs.' Mem. for Summ. J., Ex. A ("State Court Docket Sheet") at 4 of 5, ECF No. 48-1.  On July 9, 2010, the state district court issued an order denying the motion to set aside the default judgment and vacate the sale, determining there was excusable neglect but that Ms. Francoeur did not have a meritorious defense, because there was no agreement that foreclosure would be halted while various loan modification alternatives were being evaluated.  *See Charter Bank v. Francoeur*, 2012-NMCA-078, ¶ 8.  On July 13, 2010, Ms. Francoeur appealed the state district court's decision.  *See id.*; State Court Docket Sheet at 3 of 5, ECF No. 48-1.

On May 15, 2012, the New Mexico Court of Appeals affirmed the orders of the state district court.  *See Charter Bank v. Francoeur*, 2012-NMCA-078, 287 P.3d 333.  As relevant here, the New Mexico Court of Appeals ruled that Ms. Francoeur did not have a private cause of action under HAMP and could not maintain a cause of action for breach of contract, and thus, the failure of U.S. Bank to comply with HAMP did not provide a meritorious defense to the default

3

judgment. *Id.* ¶ 18. As for Ms. Francoeur's claims of estoppel, fraud, and misrepresentation, the Court of Appeals rejected those arguments. *See id.* ¶¶ 21-22. Specifically, the Court of Appeals concluded that Charter Bank "did not promise or make a false representation to" Ms. Francoeur for the following reasons: (1) Ms. Francoeur failed to attribute false representations from Ms. Francoeur's law firm to Charter Bank; (2) there had been no false representation in the email-communications that Ms. Francoeur would receive a loan modification; (3) the verbal statement of Charter Bank's employee regarding an "imminent" loan modification did not constitute a misrepresentation that Ms. Francoeur would receive a loan modification, and (4) none of the letters sent by U.S. Bank regarding it servicing her loan could be construed as containing a false representation that her application for a loan modification would be approved. *See id.* The Court of Appeals also stated that it disagreed that U.S. Bank misrepresented that Ms. Francoeur would receive a loan modification. *Id.* ¶ 28. Ms. Francoeur filed a writ of certiorari, which the New Mexico Supreme Court initially granted on August 3, 2012. *See Charter Bank v. Francoeur*, 2012-NMCERT-008, 296 P.3d 491.

      B.      **Federal Court Proceedings**

On May 5, 2011, over a year before the New Mexico Court of Appeal's ruling, Plaintiff brought suit in federal court, alleging that Defendants Charter Bank, Little, and U.S. Bank repeatedly led her to believe that a loan modification would be concluded and that she would not be evicted from her home, and because of those representations, she did not take steps that could have avoided the foreclosure sale. *See* Compl. ¶¶ 43-44, ECF No. 1. She also asserted that Charter Bank, Little, and U.S. Bank demanded and collected numerous excessive costs and expenses, including attorneys' fees, late fees after acceleration, property inspection fees, and miscellaneous fees, in violation of the parties' contract and state and federal law. *See id.* ¶¶ 52-

59. Specifically, Plaintiff sued U.S. Bank and Little for violations of Sections 1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA") for improperly demanding and collecting the excessive fees and costs. *See id.* ¶¶ 62-64. Plaintiff also sued U.S. bank for fraud and unjust enrichment. *See id.* ¶¶ 71-79. Plaintiff sued Charter Bank and Beal for violations of the Truth in Lending Act ("TILA") for charging improper fees and failing to refund Plaintiff's credit balance, *see id.* ¶¶ 65-70; for fraud based on false representations to Plaintiff that a loan modification was imminent and on their silence that the loan modification had been rejected until after her home was sold, *see id.* ¶¶ 71-76; and for unjust enrichment and breach of contract based on their improper retention of payment for attorneys' fees and costs that they had no right to charge or collect, *see id.* ¶¶ 77-81.

Defendants Little and U.S. Bank each filed motions to dismiss. *See* Def. Little's Mot. to Dismiss, ECF No. 8; Def. U.S. Bank's Mot. to Dismiss, ECF No. 31. Defendant "New Charter Bank" and Defendant Beal filed an Answer, asserting that New Charter Bank is a newly-chartered bank created for the purpose of assuming the deposits of some, but not all, of the debts of the bank formerly known as Charter Bank of Santa Fe ("Old Charter Bank"). *See* Answer 1, ECF No. 13. Defendants New Charter Bank and Beal subsequently filed a motion for summary judgment (ECF No. 48).

On May 24, 2012, the Court granted, without prejudice, both Defendant Little's and U.S. Bank's motions to dismiss. *See* Mem. Op. and Order 17, ECF No. 56. The Court first concluded that it had subject matter jurisdiction over the dispute against Little and that the *Rooker-Feldman* Doctrine did not apply because the state-court foreclosure proceedings were still on appeal, and thus, the state-court case was not yet final. *See id.* at 5-7. The Court declined to rule on the claim preclusion question, instead deciding that the matter was best suited for resolution on a

more fully developed factual record. *See id.* at 11-12. The Court, however, dismissed Plaintiffs' claims against Little and U.S. Bank for failure to set forth plausible claims for relief. *See id.* at 7-11. Alternatively, the Court found that dismissal of Plaintiffs' claims against U.S. Bank was warranted under *Younger v. Harris*, 401 U.S. 37 (1971), which sets forth the conditions under which a federal court should abstain from hearing a case in light of an ongoing state judicial proceeding. Mem. Op. and Order 15-16, ECF No. 56. The Court did not address whether *Younger* abstention provided a basis for dismissing Plaintiff's claims against any other Defendant, as no other Defendant raised the argument on its own initiative.

On May 29, 2012, the Court granted the motion for summary judgment filed by Defendants New Charter Bank and Beal. *See* Mem. Op. and Order 14, ECF No. 58. The Court again concluded that the *Rooker-Feldman* Doctrine did not apply because the state-court foreclosure action continued on appeal, and therefore, found jurisdiction over the case. *Id.* at 6. In considering the merits of the motion for summary judgment, the Court accepted as true Defendants' facts, which they supported with an Affidavit of Russell Cummins, an employee of Beal and former Executive Vice President, Chief Financial Officer, and Chief Information Officer for Old Charter Bank whose duties included overseeing loan servicing, and with an Affidavit of Stuart Miles, a servicer for Beal Bank, successor by merger to Charter Bank and itself a wholly-owned subsidiary of Beal. *See id.* at 7-8; Aff. of Russell Cummins ¶¶ 2-3, ECF No. 48-2; Corrected Aff. of Stuart Miles ¶ 1, ECF No. 48-3. Although Plaintiff objected to Defendants' facts on grounds of inadmissible hearsay and lack of personal knowledge, the Court overruled the objections and found that Plaintiff offered no evidence to dispute any of the facts with particularity. *See* Mem. Op. and Order 7-8, ECF No. 58.[2] The Court also denied Plaintiff's

---

2   The Court did not expressly address the argument raised in Plaintiff's response that the affidavits did not contain admissible evidence because they relied on facts that, pursuant to the Best Evidence Rule, could only be

request for Rule 56(d) discovery to test Mr. Cummins' declaration, because she did not provide the requisite legal or factual foundation.  *See id.*

The Court ruled that *res judicata* did not apply because New Charter Bank never serviced Plaintiff's mortgage or received funds related to the mortgage, and thus was not a party in the foreclosure action and was not in privity with Old Charter Bank.  *See id.* at 8-9.  The Court, however, granted summary judgment to Defendants New Charter Bank and Beal on Plaintiffs' TILA claims, after concluding that New Charter Bank and Beal were not involved with Plaintiff's mortgage at any time.  *See id.* at 9-11.  The Court found that Freddie Mac owned Plaintiff's loan; Old Charter Bank did not own Plaintiff's mortgage, but merely serviced it; and that on January 6, 2010, Freddie Mac notified Old Charter Bank that it was to transfer the loans it was servicing for Freddie Mac to U.S. Bank for servicing, the transfer of which was completed on January 8, 2010.  *See id.* at 7; Defs.' Mot. for Summ. J. ¶¶ 12-14, ECF No. 48.  The Court further found that the Federal Office of Thrift Supervision closed Old Charter Bank on January 22, 2010; the FDIC was appointed receiver; and that as a result of a loss-share agreement with the FDIC dated January 22, 2010, some, but not all, of Old Charter Bank's assets were transferred to New Charter Bank, the bank newly chartered to receive those assets by Beal, its parent corporation.  *See* Mem. Op. and Order 7-8, ECF No. 58; Defs.' Mot. for Summ. J. ¶¶ 15-17, ECF No. 48.  The Court relied on evidence that New Charter Bank never assumed, owned, or serviced Plaintiff's mortgage; neither New Charter Bank nor Beal ever assumed any liabilities arising from the servicing of any loans prior to January 22, 2010; and they never received any funds related to Plaintiff's mortgage.  *See* Mem. Op. and Order 7, ECF No. 58.

Additionally, the Court ruled that the one-year statute of limitations barred Plaintiff's

---

produced via the terms of the contracts themselves.  *Compare* Mem. Op. and Order 7-8, ECF No. 58, *with* Pl.'s Resp. 4-5, ECF No. 53.

TILA claims because the subject charges and credits to Plaintiff's account would have occurred at the time of the foreclosure sale, on April 20, 2010, and she did not file her complaint until May 5, 2011.  *See id.* at 10-11.  The Court did not consider Plaintiff's argument that her creditor could not have actually received funds in excess of the total balance due until May 6, 2010, because "Plaintiff has not alleged facts to support or explain this argument."  *See id.* at 11.

Finally, the Court addressed and granted summary judgment to Defendants New Charter Bank and Beal on Plaintiff's fraud, unjust enrichment, and breach of contract claims.  *See id.* at 11-14.  The Court concluded that Plaintiff insufficiently pled a claim for fraud because the allegations did not amount to false misrepresentations or material non-disclosures, and neither New Charter Bank nor Beal had a role in relation to servicing Plaintiff's mortgage and could not be held responsible for any alleged fraud.  *See id.* at 11-13.  Because neither New Charter Bank nor Beal received any funds related to Plaintiff's mortgage or foreclosure, they were not unjustly enriched and were entitled to summary judgment.  *See id.* at 13.  The Court granted Defendants New Charter Bank and Beal summary judgment on Plaintiff's breach of contract claim because the undisputed evidence showed they had no role with respect to Plaintiff's mortgage and never assumed any contractual obligations thereto that they could have breached.  *See id.* at 13-14.

Upon dismissal of all the parties, on May 29, 2012, this Court entered a final judgment (ECF No. 59).  On June 14, 2012, Plaintiff filed a motion to alter or amend the judgment (ECF No. 60).  Plaintiff set forth arguments as to why the Court's ruling on the substantive claims was in error, and also asserted that, because the Court determined that *Younger* abstention was appropriate, it should not have addressed the merits of Plaintiff's claims and instead have stayed the federal proceedings.  *See* Pl.'s Mem. on Mot. to Amend, ECF No. 61.  The Court granted Plaintiff's motion to set aside the judgment, re-opened the proceedings, and stayed the case

8

pending resolution of the state foreclosure case.  Mem. Op. and Order 8-9, ECF No. 74.  The Court also ruled:  "Once the state court proceedings are final, the Court will proceed to further adjudication of the instant case, and the parties will be able to renew any motions from their prior dispositive motions, or make any new motions based on the outcome of the state proceeding."  *Id.*

On May 1, 2013, Little filed a Notice of Order (ECF No. 75), informing the Court that on April 19, 2013, the Supreme Court of New Mexico quashed as "improvidently granted" the plaintiff's writ of certiorari in *Charter Bank v. Francoeur*, No. 33, 709.  On May 10, 2013, the New Mexico Supreme Court entered its mandate, remanding the case to the New Mexico Court of Appeals, and on the same day, Defendants New Charter Bank and Beal filed a Motion to Lift Stay and Enter Judgment in their Favor.  *See* Defs. Charter Bank's and Beal's Mot. to Lift Stay, ECF No. 76.  Defendants New Charter Bank and Beal renewed their motion for summary judgment.  *Id.* ¶ 7.  On July 19, 2013, U.S. Bank filed its Notice of Completion of Parallel State Court Action, explaining that, upon remand, the Fifth Judicial District Court of New Mexico closed its case.  *See* Notice 1-2, ECF No. 80.  U.S. Bank moved to renew its prior dispositive motion to dismiss.  *See id.* at 2.

Plaintiff opposes the motion to lift the stay and enter judgment, relying upon its briefs filed in opposition to New Charter Bank's and Beal's original dispositive motion.  *See* Pl.'s Mem. 1, ECF No. 77.  Plaintiff argues that the Court erred when it granted judgment to New Charter Bank and Beal and requests that the Court reconsider its decision and allow Plaintiff's claims to go forward.

The Court has carefully reviewed all the pleadings, briefs, arguments, and evidence submitted in this case and concludes, once again, that Plaintiff's claims against all parties should

be dismissed.  The Court, however, has reconsidered some of the grounds for its decision.  The Court will not rest dismissal of the TILA claim on grounds of the statute of limitations, but instead, on the failure to state a claim and claim preclusion.  The Court also has reconsidered the claim preclusion arguments and now concludes that the case can be dismissed on grounds of *res judicata* based on the complaint, and those documents referenced in the complaint (such as the Mortgage and Note) and the public court documents filed in the underlying foreclosure case for which this Court may take judicial notice, without converting the motion to one for summary judgment.  Consequently, the Court will dismiss all claims based on *res judicata*.  The Court re-affirms its prior decisions that the FDCPA, fraud, unjust enrichment, and breach of contract claims should also be dismissed for failure to state claims.

## III.   STANDARD

In considering U.S. Bank's renewed motion to dismiss and whether to re-instate the Court's prior dismissal of Little, the Court will apply the same standards it used in its prior Memorandum Opinion and Order.  *See* Mem. Op. and Order 2-5, ECF No. 56 (applying Rule 12(b)(6) plausibility standard, and assuming truth of all properly alleged, non-conclusory allegations).  Similarly, in considering New Charter Bank's and Beal's renewed motion for summary judgment, the Court will apply the same standards it used in its May 29, 2012 Memorandum Opinion and Order.  *See* Mem. Op. and Order 3-6, ECF No. 58 (setting forth summary judgment standard).

## IV.   ANALYSIS

### A.   *Res Judicata*

Federal courts must give the same preclusive effect to a state-court judgment as a court of that State would give to the judgment.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 293 (2005). "Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action." *Bank of Santa Fe v. Marcy Plaza Assocs.*, 2002-NMCA-014, ¶ 13, 40 P.3d 442 (2001). It bars not only claims that were raised previously, but also claims that could have been raised in the prior action. *Kirby v. Guardian Life Ins. Co. of America*, 2010-NMSC-014, ¶ 61, 231 P.3d 87 (quoting *Bank of Santa Fe*, 2002-NMCA-014, ¶ 14). "*Res judicata* precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim." *Id.* (quoting *Bank of Santa Fe*, 2002-NMCA-014, ¶ 14). The party seeking preclusion of claims has the burden of proving the following elements: (1) the same party or parties in privity; (2) the same cause of action; (3) a final decision in the first suit; and (4) the first decision must have been on the merits. *Id.* To determine whether the causes of action are the same, courts should focus on the subject matter giving rise to each claim and whether the two claims arose from different transactions. *See id.* ¶ 63. "[O]ne factor required for a showing that two claims are the same is 'the relatedness of the facts in time, space, origin, or motivation.'" *Id.* (quoting *Bank of Santa Fe*, 2002-NMCA-014, ¶ 16). Determining whether the elements of claim preclusion are met is a legal question. *Id.* ¶ 61.

As for the first factor, Ms. Francoeur and Charter Bank were the named parties in the state court action. In this Court's prior Memorandum Opinion and Order, it concluded that New Charter Bank and Beal were not in privity with Old Charter Bank because the undisputed evidence showed that New Charter Bank had acquired no funds or obligations related to Plaintiff's mortgage. *See* Mem. Op. and Order 8-9, ECF No. 58. As explained in that Memorandum Opinion and Order, if the Court properly relied on the evidence submitted without allowing Plaintiff additional discovery on the issue, New Charter Bank and Beal are entitled to summary judgment on all claims against them on the merits. *See id.* The Court will take this

11

opportunity to clarify, however, that to the extent that the Charter Bank entity sued in this case is Old Charter Bank or, even if Plaintiff's argument is correct and it might be able to prove in discovery that New Charter Bank and Beal acquired funds related to Plaintiff's mortgage, both Charter Bank entities and Beal would be either a party or in privity to the Charter Bank in the state court action.  *Cf. Collins v. BAC Home Loans Servicing LP*, 912 F.Supp.2d 997, 1015-16 (D. Colo. 2012) (finding that bank was in privity with Countrywide where Plaintiff asserted that bank purchased Countrywide and bank admitted to being successor my merger to Countrywide). Additionally, U.S. Bank and Little are also in privity with Old Charter Bank, as their efforts to foreclose and collect on Old Charter Bank's mortgage with Ms. Francoeur are the basis for the suit here.  They have a substantial identity of interests with Charter Bank: U.S. Bank took over the servicing of Charter Bank's loan and Little represented U.S. Bank in the foreclosure proceedings and was awarded attorneys' fees arising from Charter Bank's Mortgage and Note. *See Deflon v. Sawyers*, 2006-NMSC-025, 137 P.3d 577 ("[P]arties have been found in privity where they represent the same legal right or where they have a "mutual or successive relationship to the same rights of property.") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1175 (10th Cir. 1979)); *In re Richards*, 1999-NMSC-030, ¶¶ 18-19, 986 P.2d 1117 (recognizing that attorneys for party in prior suit are in privity with party and *applying res judicata* to claim against party's attorneys in subsequent suit for reasonableness of attorneys' fees collected from fees set in first suit).

With respect to the second factor, Plaintiff contends that the claims are not the same because they are based on facts that did not arise until the allegedly excess attorney's fees and costs had been assessed and collected.  Plaintiff thus argues that her claims regarding the excess attorney's fees and costs did not arise until after the pleading had been filed and cannot be

considered part of the same "transaction" for purposes of *res judicata*. The problem with Plaintiff's argument is that the fees were assessed by the state court judge as part of the damages arising from the foreclosure. The loan documents themselves gave the Note Holder, upon the borrower's failure to pay, the right to be reimbursed its costs and expenses in enforcing the Note, including "reasonable attorneys' fees." *See* Note ¶ 6(E), ECF No. 31-3. *See also* Mortgage ¶ 14, ECF No. 31-2 ("Lender may charge Borrower fees for services performed in connection with Borrower's default, . . . including, but not limited to, attorneys' fees, property inspection and valuation fees."). Consequently, at the time Charter Bank filed its Complaint in Foreclosure, a claim for reasonable attorneys' fees was at issue. Plaintiff, at the time she filed an Answer, could have disputed all damages sought. *See* Ms. Francoeur's Mot. to Set Aside Default Judgment ¶ 8, ECF No. 31-10 (acknowledging that Charter Bank, in its July 2009 foreclosure action, sought "85,167.65 allegedly still owed on the Charter loan, *plus attorneys fees and costs*") (emphasis added).

Indeed, Plaintiff's claims that the attorney's fees and costs collected were improper, excessive, unjust, and in breach of the contract all stem from an examination of the loan documents at issue in the foreclosure. Plaintiff does not allege any facts to suggest that any Defendant collected more than the amount of attorney's fees and costs awarded in the state court judgment. The claims are thus related in time, space, origin, and "form a convenient trial unit" with the foreclosure action. *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) ("What constitutes the same transaction or series of transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.")

(Internal quotations omitted).³  Because Plaintiff here challenges the actions leading up to the foreclosure and the attorneys' fees imposed in the foreclosure judgment, there is an identity of subject matter between the two actions.  *Cf. Driskell v. Thompson*, 971 F.Supp.2d 1050, 1058, 1068 (D. Colo. 2013) (finding identity of subject matter between state court action and federal case, which in part was based on collection actions of bank, its attorneys, and state court judge, because both cases related to foreclosure of plaintiff's mortgage).  The Court therefore concludes that Plaintiff's claims regarding the improper attorneys' fees and costs (Plaintiff's FDCPA, TILA, Unjust Enrichment, and Breach of Contract claims) are the same claims for purposes of claim preclusion as in the prior state court suit and should have been brought in that case.  *See In re Richards*, 1999-NMSC-030, ¶ 19 ("[T]he law in New Mexico is clear that a party may not withhold issues and litigate them in subsequent proceedings, and may not split his demands or his defenses.  It is equally clear that this rule applies to issues which were, or could have been, determined in the [first] action.  The issue of the reasonableness of GE's attorney's fees had to be raised in the foreclosure suit.") (Internal citations and quotations omitted).

Although Charter Bank received a default judgment in the case in September 2009 and the final attorney's fees award was collected by Defendants on May 6, 2010, *see* Compl. ¶¶ 55-56; Pl.'s Resp. 8, ECF No. 53, Plaintiff nonetheless had a full and fair opportunity to litigate the claims in this case in the state court action.  On May 27, 2010, *pro bono* counsel, on behalf of Plaintiff, filed a motion to set aside the default judgment, and thus, she had an opportunity to challenge before the state court judge the reasonableness of the particular fees awarded.  *See* Mot. to Set Aside Default J. and Vacate Sale 1, ECF No. 31-10.  The state court held a hearing

---

3   Plaintiff relies on *Oppong v. First Union Morg. Corp.*, 2007 WL 216061, *3 (3d Cir. 2007), for the proposition that FDCPA claims arise after the default and are not proper counterclaims to bring in a mortgage foreclosure action.  *See* Pl.'s Mem. 13, ECF No. 53.  The FDCPA claims raised in *Oppong*, however, did not involve the assessment of attorneys' fees and expenses awarded by the state court in the underlying foreclosure action.  Unlike here, Oppong's claims were not tied to the foreclosure action and Note itself.

on the motion, and following the denial of the motion, Plaintiff appealed the denial before the New Mexico Court of Appeals.  Although Plaintiff did not challenge the fee award in her motion to set aside the default judgment or on appeal, Plaintiff had the opportunity to do so, and thus claim preclusion applies.  *See Blea v. Sandoval*, 1988-NMCA-036, ¶ 11, 761 P.2d 432, 435 ("The Restatement formulation and the foregoing cases recognize that default judgments do have res judicata effect, but distinguish collateral estoppel from res judicata. The basis of the distinction is the doctrine that res judicata bars consideration, in a subsequent suit, of all matters that could properly have been raised in the prior case, while collateral estoppel bars consideration only of issues actually litigated and determined by a valid and final judgment."); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F.Supp.2d 340, 352 (E.D.N.Y. 2010) (explaining that *res judicata* applied to plaintiff's challenge to amount of civil court judgment, because they could have challenged amount in their appellate brief).

As for the fraud claim against Charter Bank, U.S. Bank, and Beal, the claim is clearly the same claim that was litigated in the state court case.  The New Mexico Court of Appeals rejected Ms. Francoeur's claims of estoppel, fraud, and misrepresentation arising from the same facts asserted by Plaintiff here to support her fraud claim.

Finally, the third and fourth factors for claim preclusion are met, because there was a final judgment on the merits, which the New Mexico Court of Appeals affirmed.  Applying claim preclusion in this case promotes the rationales underlying the doctrine:  protecting individuals from the burden of litigating multiple lawsuits, judicial economy, and reliance on a final judgment and minimizing the possibility of inconsistent decisions.  To allow this case to go forward would undermine the valid, final judgment of the state court.  For all the foregoing reasons, the doctrine of *res judicata* bars all the claims brought in this case.

### B.     Failure to State a Claim

#### 1.     FDCPA claim against Little and U.S. Bank

Plaintiff's FDCPA claim against Little and U.S. Bank is based on their "unauthorized" collection of attorney's fees.  *See* Pl.'s Mem. 5, ECF No. 26.  Plaintiff's complaint, however, states that the fees collected were awarded by the state court judge in the underlying foreclosure suit, and thus, they were permitted by law.  Plaintiff's FDCPA claim, in addition to being barred by claim preclusion, should be dismissed for failure to state a claim.  For the reasons herein, as well as those set forth in the May 24, 2012 Memorandum Opinion and Order (ECF No. 56), the Court will dismiss Plaintiff's FDCPA under Rule 12(b)(6).

#### 2.     TILA claim against Charter Bank and Beal

The Court in its prior Memorandum Opinion and Order dismissed the TILA claim, in part, based on the statute of limitations defense.  *See* Mem. Op. and Order 10-11, ECF No. 58. Plaintiff had argued that her TILA claim, which was based on the creditor actually receiving the excess funds, did not arise until after May 6, 2010, when the state court awarded the excess attorneys' fees, and thus was not barred by the statute of limitations.  This Court erroneously stated that Plaintiff had not adequately explained her theory, which was set forth more thoroughly in the *res judicata* section, not TILA section, of her brief, which the Court initially overlooked.  The Court nevertheless does not need to re-consider Plaintiff's statute of limitations argument, because it properly dismissed Plaintiff's TILA claims on a number of different grounds.

First, as explained above, the claim is barred by claim preclusion.  The TILA claim is based on the assertion that Charter Bank charged Plaintiff for attorney's fees in excess of that permitted by law.  Plaintiff alleges, however, that the attorney's fees collected by Defendants

were those awarded in the state court judgment.  There is no allegation that Defendants transmitted funds to themselves in excess of the total fees set forth in the judgment.  Accordingly, Plaintiff cannot show that Defendants transmitted funds in excess of the total balance due on the account, as the balance due was that set forth in a valid, lawful judgment.  Charter Bank and Beal are thus entitled to dismissal under Rule 12(b)(6).

Alternatively, New Charter Bank and Beal are entitled to summary judgment.  The undisputed facts show that neither New Charter Bank nor Beal ever received any funds related to Plaintiff's mortgage and that Plaintiff's mortgage was not one of the assets assumed by New Charter Bank.  The Court rejects Plaintiff's argument that the Court relied on inadmissible evidence to support its conclusion.  The fact that New Charter Bank and Beal did not receive funds or assume an asset are facts within the affiants personal knowledge and did not require striking those facts under the Best Evidence Rule.  Nor did the Court err in not permitting discovery on this issue under Rule 56(d).

### 3. Fraud against Charter Bank, U.S. Bank, and Beal

The Court is unpersuaded that it committed error in concluding that Plaintiff failed to state a fraud claim against the named Defendants and, for all those same reasons, concludes that the fraud claims should be dismissed.  *See* Mem. Op. and Order 8-10, ECF No. 56; Mem. Op. and Order 11-13, ECF No. 58.  *See also Charter Bank v. Francoeur*, 2012-NMCA-078, ¶¶ 21 (explaining that there had been no false representations or concealment of material facts regarding Ms. Francoeur's application for loan modification).

### 4. Unjust Enrichment against Charter Bank, U.S. Bank, Beal, and Little

The fact that New Charter Bank and Beal did not receive any funds as a result of Plaintiff's mortgage and foreclosure is a matter within the personal knowledge of the affiants, is

not subject to the Best Evidence Rule, and was undisputed.  They are thus entitled to summary judgment for the reasons stated in the Court's May 29, 2012 Memorandum Opinion and Order (ECF No. 58).

As for Plaintiff's unjust enrichment claim against Old Charter Bank, U.S. Bank, and Little, Plaintiff cannot show that Old Charter Bank, U.S. Bank, or Little did not have a right to collect the $5,774.57 where a state court judgment awarded that exact amount.  There are no allegations that these Defendants collected more than the amount in fees and costs awarded by the state court judgment.  Accordingly, Plaintiff has failed to state a claim.

### 5. Breach of Contract against Charter Bank and Beal

Plaintiff's breach of contract claim is based on charging Plaintiff for fees and expenses they had no right to collect under the standard loan documents.  Because it is undisputed that New Charter Bank and Beal did not receive any funds as a result of Plaintiff's mortgage and foreclosure, they are also entitled to summary judgment for the reasons stated in the Court's May 29, 2012 Memorandum Opinion and Order (ECF No. 58).  Moreover, the allegation fails to state a claim because it provides insufficient notice to Old Charter Bank of how the fees charged breached the standard loan documents, particularly where other facts in the complaint allege that the state court awarded those fees and expenses based on the foreclosure documents.

**IT IS THEREFORE ORDERED** that

1.  Defendant Charter Bank's and Beal Financial Corporation's Motion to Lift Stay and Enter Judgment in their Favor (**ECF No. 76**) is **GRANTED,** the **STAY IS LIFTED**, and **JUDGMENT IS ENTERED** in favor of Defendant Charter Bank and Beal Financial Corporation.

2. Defendant U.S. Bank Home Mortgage's request in its Notice of Completion of Parallel State Court Action (**ECF No. 80**) to renew its prior dispositive motion to dismiss is **GRANTED** and the motion to dismiss is **GRANTED**.

3. Defendant Little & Dranttel, P.C.'s previous dismissal by the Court is **REINSTATED**.

4. All Defendants are entitled to judgment on all claims brought by Plaintiff and this **CASE IS DISMISSED WITH PREJUDICE** in its entirety.

_____
**UNITED STATES DISTRICT JUDGE**